EL PUEBLO, DEMANDANTE Y APELADO, *v.* CUEVAS ET AL., ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en causa por adulterio.

No. 1428.—Resuelto en diciembre 2, 1919.

ADULTERIO—APRECIACIÓN DE PRUEBA—COMERCIO CARNAL—PRUEBA INSUFICIENTE.—
El hecho de que el acusado viviera en la casa de la co-acusada que estaba separada de su esposo, y que entrara a la casa de día y de noche, no es prueba suficiente de adulterio en ausencia de prueba de otras circunstancias que permitan deducir que estaban inclinados los acusados a realizar el acto carnal y que, por tanto, aprovecharon esa oportunidad.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Manuel A. García.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En diez de marzo de 1919 fué presentada acusación en la Corte de Distrito de Aguadilla contra Obdulia Cuevas y Ernesto Mateu por el delito de adulterio, imputándoles que entre los meses de junio de 1918 y febrero de 1919 tuvieron comercio carnal, siendo la primera casada con Esteban Barreto y el segundo soltero.

Celebrado el juicio, la corte los declaró culpables de dicho delito y los condenó a sufrir, cada uno de ellos, la pena de dos años de cárcel, contra cuyo fallo interpusieron los acusados este recurso de apelación en el que solicitan la revocación de la sentencia y su absolución fundados en que el juez sentenciador apreció la prueba erróneamente; recurso al que se adhiere el Fiscal de este Tribunal Supremo solici-

tando también la revocación de la sentencia por el motivo alegado por los apelantes.

Los acusados presentaron prueba en su defensa que niega el hecho que se les imputa en la acusación pero prescindiremos de ella para la consideración de este recurso porque si la evidencia que presentó el fiscal del distrito en el acto del juicio prueba su acusación, entonces resultaría contradictoria con la de los acusados y habiendo creído el juez la del fiscal, como lo demuestra la condena, habrá que sostener la sentencia apelada, ya que a los jueces *a quo* es a los que incumbe resolver los conflictos de la evidencia.

Así, pues, pasaremos a examinar la evidencia que la acusación presentó en el juicio para decidir si con ella pudo dictarse en este caso sentencia condenatoria.

El juicio tuvo lugar el día 14 de marzo de 1919 y la prueba que presentó el fiscal consistió en las declaraciones que rindieron tres testigos. Fué el primero de ellos Esteban Barreto, esposo de la acusada Obdulia Cuevas, y declaró en sustancia que hacía dos años que estaba separado de su esposa Obdulia Cuevas; que tiene un pleito de divorcio pendiente contra ella; que el 23 de junio de 1917 se ausentó para el Canal de Panamá como militar, de donde regresó el 13 de febrero de 1919; que el día que llegó a Lares, donde vivía su esposa, no fué inmediatamente a visitarla; que su esposa llevaba relaciones ilícitas con Ernesto Mateu y la encontró viviendo con éste; que no sabe dónde ella vivía mientras él estuvo en el Canal; que vió a Mateu sentado en una silla en la casa de Obdulia y no entró; que no vió ropa alguna de Mateu en la casa; que no entró en la casa de Obdulia y que lo ha visto entrar en la casa de ella.

El segundo testigo, Liborio Robles, manifestó que ha tenido oportunidad de observar la vida de Mateu y de Obdulia; que vivían juntos; que ha visto a Ernesto Mateu en la casa de ella; que lo ha visto allí de noche, habiéndolo visto entrar distintas veces; que habló con Obdulia cuando el asunto del divorcio y ella le manifestó que vivía con él; "que tuvo

la oportunidad de ver por allí a Mateu distintas noches que él pasaba por la casa de Obdulia Cuevas bachateando''; que vió que se retiraba por la noche para acostarse; que ha visto entrar allí a Mateu y retirarse de la casa para la calle; que lo ha visto entrar y retirarse en horas del día y de la noche; que Obdulia vivía con Mateu pero no sabe en qué tiempo ni si fué con posterioridad a la fecha en que fué decretado el divorcio, que fué antes.

El último testigo Pedro Rivera declaró que ha observado la vida de Obdulia y de Ernesto entre junio del pasado año y febrero de este año; que vió muchas veces a Ernesto Mateu por la casa de Obdulia, por la noche y por el día; que sabe que vivía allí; que a cada rato hablaba con ella y que le manifestó que vivía con él; que veía entrar a Ernesto en la casa de Obdulia; que una noche lo vió entrar porque ''andaban en ruta y Mateu le cantaba canciones''; que cree que Mateu se quedaría a dormir allí; que no observaba si él dormía en la casa de Obdulia porque se acostaba temprano y no se ocupaba de la vida de ellos; que Mateu no tenía su ropa en la casa de Obdulia ni puede decir si comía allí y que no puede decir que Mateu vivía en casa de Obdulia sino que a cada rato lo veía por allí, pero lo vió entrar en la casa por mucho tiempo, de día y de noche.

Dando entero crédito a esas declaraciones prueban que Ernesto Mateu vivía en la casa de Obdulia mientras ésta era casada y estaba separada de su esposo Barreto y que Ernesto entraba en la casa de día y de noche; pero no son suficientes para estimar probado que tuvieron comercio carnal, elemento esencial en el delito de adulterio, pues si bien el hecho de vivir juntos en la misma casa les daba la oportunidad de realizar tal comercio, no es suficiente por sí solo para concluir que lo tuvieron, faltando como falta la prueba de otras circunstancias que permitan deducir que estaban inclinados a realizar el acto sexual y que, por tanto, aprovecharon esa oportunidad.    *El Pueblo* v. *Cruz,* 19 D. P. R. 702.

Por la razón expuesta el juez inferior apreció errónea-

mente la prueba y la sentencia apelada debe ser revocada, dictándose otra absolutoria.

> *Revocada la sentencia apelada y absueltos los acusados.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.